# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

*****************************************************

| | |
|---|---|
| Wells Fargo Bank USA Holdings, Inc. | * |
|     Plaintiffs | * |
| | * |
| v. | * |
| | * |
| Willie Mae Clayton | |
| Jonita Terelle Vaughn | * |
| Brandon Winfree Vaughn | * |
| | * |
| | *   Case number: 3:24-cv-01286-SVN |
| | * |
| | * |
| | * |
| | * |
| | *   September 3, 2024 |
| | * |

*****************************************************

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND IMPROPERLY REMOVED CASE

The Plaintiff, U. S. Bank Trust National Association, not in its individual Capacity but solely as Owner Trustee for the VRMTG Asset Trust has moved the Court to remand this matter to the Connecticut Superior Court, Judicial District of New Haven at New Haven due to want of jurisdiction and other procedural defects.

Wilie Mae Clayton's (the "Defendant") Notice of Removal lacks any factual or legal support and is merely an attempt to re-litigate this mortgage foreclosure lawsuit which has already been litigated, decided, and judgment entered in Connecticut Superior Court. The Plaintiff seeks to have this matter remanded to Connecticut Superior Court for four reasons: there is no diversity jurisdiction, the removal is untimely, there is no legitimate federal question jurisdiction, and such jurisdiction would run contrary to the *Rooker-Feldman* doctrine.

    I.    **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This mortgage foreclosure action was commenced September 6, 2022 and made

1

returnable to the Judicial District of New Haven at New Haven on October 4, 2022. A copy of the Connecticut Superior Court docket is attached hereto as Exhibit A. A Motion for Summary Judgment was granted September 25, 2003. The Defendant has filed three Motions to Dismiss and one Motion to Strike all of which have been denied by the Court. The Plaintiff filed a Motion for Judgment on June 17, 2024. The Plaintiff also filed a Motion to Substitute Party Plaintiff on July 1, 2024. A copy of this Motion to Substitute Party Plaintiff (Docket Entry No. 136.00) is attached hereto as Exhibit B. This Motion to Substitute Party Plaintiff was granted by the Court on July 15, 2024 (Docket Entry No. 136.10) and the Order granting said motion is attached hereto as Exhibit C. On July 15, 2024, the Connecticut Superior Court granted Plaintiff's Motion for Judgment of Strict Foreclosure. A copy of the order entering the Judgment of Strict Foreclosure is attached hereto as Exhibit D. The Superior Court set a Law Day of August 7, 2024. The Defendant filed a Notice of Removal with this Court on August 5, 2024.

II. **LEGAL STANDARD FOR REMOVAL**

As this Court has previously held:

> A district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c). The removing party bears the burden of proof in establishing its right to a federal forum. *United Food & Commercial Workers Union, Local 919, AFL—CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979). Where a defendant seeks to remove an action, it must support its asserted jurisdictional facts with "'competent proof' and 'justify its allegations by a preponderance of the evidence.'" *United Food & Commercial Workers Union*, 30 F.3d at 305 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "'In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 274 (2d Cir.1994) (quoting *Somlyo v. J. Lu— Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991)).

*Treasurer of State of Connecticut v. Fortsmann Little & Co.*, No. 3:02CV519(JBA), 2002 WL 31455245, at *1 (D. Conn. Oct. 15, 2002). "When a party removes a state court action

2

to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." *Andreoni v. Forest City Enterprises, Inc.*, 660 F.Supp.2d 254, 258 (D. Conn. 2009).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Intl, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu—Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)). To remove this matter, the Federal Court must have jurisdiction. A federal court has limited jurisdiction pursuant to Article III of the Constitution. For the Court to exercise subject matter jurisdiction, either (1) there must be complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy must exceed $75,000, pursuant to 28 U.S.C. § 1332 (a)(1); or (2) the plaintiff must set forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, under 28 U.S.C. § 1331. While the amount in controversy exceeds $75,000, there is no diversity of citizenship nor is there any federal question. Therefore, remand is proper. The specific grounds for remand are set forth below.

### III. LAW AND ARGUMENT

The Plaintiff contends that this matter should be remanded to Connecticut Superior Court for the following reasons:

**A.     Removal of this Matter is prohibited by 28 U.S.C. § 1441(b)**

There is no diversity jurisdiction. The Defendant in this case is a citizen of the State of Connecticut. Under federal law, a case may not be removed to federal court if a properly joined defendant in the case is a citizen of the state where the case is filed. 28 U.S.C. §1441(b) expressly provides that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants <u>is a citizen of the State in which such action is brought.</u> (Emphasis added.)

Subsection (a) of 28 U.S.C. 1441, provides that for removal to federal district court of civil action of which federal district courts have original jurisdiction, and subsection (b) of this section, providing that civil action of which federal district courts shall have original jurisdiction founded on claim or right arising under Constitution, treaties, or laws of United States shall be removable without regard to citizenship or residence, and that any other action shall be removable only if none of parties in interest properly joined and served as defendants is citizen of state in which action is brought, must be read together, and case must qualify for removal under both provisions or be remanded. *Eriksen v. Moore Mill & Lumber Co,* 157 F.Supp. 888 (D. Or. 1958). Subsections 1441(a) and 1441(b) must be read together, and a case must qualify for removal under both paragraphs or be remanded. *Id.*

As was explained in *Monroe v. United Carbon Co.,* 196 F.2d 455, 456-457 (5th Cir. 1952):

> § 1441(a) and (b) must be read together. Section 1441(a) provides that a case

4

may be removed if the federal court would have had original jurisdiction of the matter, "[e]xcept as otherwise expressly provided by Act of Congress." But, 1441(b), the next paragraph, expressly provides that the action shall be removable only if no defendant is a resident of the state in which the action is brought. The statute thus "expressly makes a distinction between the original jurisdiction and the [narrower] removal jurisdiction" of the district court.

In this case, Defendant does not have a basis for proper diversity of citizenship. In both this case and the Connecticut Superior Court case, the Defendant has listed her address as 152 Sheffield Avenue, New Haven, Connecticut 06511. Thus, there is no diversity of citizenship.

### B. This case was untimely removed

Defendant's removal of the action is untimely pursuant to 28 U.S.C. §1446(b). 28 U.S.C. §1446(b) identifies the period to remove a case. This statute states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The Superior Court case was filed September 6, 2022. Accordingly. The attempted removal is too late, and the case should be remanded to the Connecticut Superior Court.

### C. There is no federal question involved in this case.

There is no federal question involved in this case because there is no federal question on the face of the Plaintiff's Complaint.

"Generally, 'the presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction

5

exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint." (Emphasis added) NYU *Hosp. Ctr. -Tisch v. Local 348 Health & Welfare Fund,* No. 04-6937 (AKH), 2005 U.S. Dist. LEXIS 256, at *2-3, 2005 WL 53261, at *1 (S.D.N.Y. Jan. 6, 2005)(citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (internal quotations omitted); see also *United Mut. Houses. LP v. Andujar,* 230 F. Supp. 2d 349, 350 (S.D.N.Y. 2002) (citation omitted) ("Moreover, a plaintiff is a master of the complaint - neither a federal defense nor counterclaim will create removal jurisdiction.") (citation omitted); *Arrey v. Beaux Arts II, LLC.,* 101 F. Supp. 2d 225, 227 (S.D.N.Y. 2000) ("Moreover, it long has been clear that the basis for federal jurisdiction must appear on the face of the complaint. The assertion of a federal claim by way of defense to a State Court action affords no basis for removal.") (Citations omitted). In this matter, Plaintiff's Complaint states a claim for foreclosure of a residential mortgage, which resides properly in the province of the state court. Plaintiff's one-count, nine-paragraph Complaint does not raise a federal question appropriate for this Court. Defendant bears the burden of proof as to the bases for federal jurisdiction and Defendant has failed to offer the Court any legal bases for these claims. Instead, Defendant relies upon various citations to the U.S. Code, an article from American University Law Review entitled "Confronting Plaintiffs' Attempts to Destroy Federal Subject Matter Jurisdiction", and other Federal Rules of Civil Procedure, however, no matter how Plaintiff's Complaint can be construed, a federal question simply does not exist in Plaintiff's Complaint.

Accordingly, for that additional reason, the case should be remanded.

### D. A removal of this matter would violate the *Rooker-Feldman* doctrine

6

Defendant's removal is barred by the *Rooker-Feldman* doctrine. Removal is not intended to give parties who are dissatisfied with state court judgments federal review of the underlying judgment, as Defendant intends. Defendant's removal is effectively an appeal by a state-court loser complaining of the state-court judgment.

"In the particular context of state court judgments of foreclosure, [c]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." [Internal quotations omitted] *Gonzalez v. Ocwen Home Loan Servicing,* 74 F. Supp. 3d 504, 514 (D. Conn. 2015). Federal district courts have no authority to review final judgments of a state court proceeding. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303 (1983). "The Rooker-Feldman doctrine provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts." *Gonzalez v. Ocwen Home Loan Servicing,* supra, 74 F. Supp. 3d at 513, quoting *Grim v. Baker,* 553 F. App'x 84, 85 (2d Cir. 2014). Thus, the *Rooker-Feldman* doctrine establishes that federal district courts lack jurisdiction over suits that effectuate appeals from state-court judgments. Furthermore, *Exxon Mobil Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 208, 125 S.Ct. 1517 (2005) held that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments". Defendant's removal is the very model of removal which *Rooker-Feldman* prevents:

> Rooker—Feldman directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the

7

plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiffs federal suit commenced.

*Gonzalez v. Ocwen Home Loan Servicing,* supra, 74 F. Supp. 3d 504 at 513, quoting *McKithen v. Brown,* 626 F.3d 143, 154 (2d Cir.2010). Here, all four *Rooker-Feldman* factors are met.

Defendant lost in state court when judgment was entered for Plaintiff on July 15, 2024.. Defendant's Notice of Removal complains of the findings of the state court that led to judgment. Defendant's removal, nearly two years after commencement of this action, necessarily invites review of the underlying judgment. Defendant cannot attempt to argue that this removal does not involve matters adjudicated in the state foreclosure proceedings. Defendant's removal is an appeal by a state-court loser complaining of the state-court judgment. Such removal is barred by the *Rooker-Feldman Doctrine.*

## IV. **CONCLUSION**

Because there is no diversity jurisdiction, no federal question jurisdiction, and jurisdiction of this Court is barred by Rooker-Feldman, this Court should remand this matter to Connecticut Superior Court, Judicial District of New Haven at New Haven.

THE PLAINTIFF
U.S. BANK TRUST NATIONAL
ASSOCIATION, TRUSTEE

/s/ John P. Fahey
John P. Fahey ct07126
Korde & Associates, P.C.
5 Shaw's Cove, Suite 201
New London, CT 06320
Telephone: (860) 969-0400
Fax: (860) 758-8589
Email: jfahey@kordeassociates.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, a copy of the foregoing Memorandum in Support of Motion to Remand Improperly Removed Case was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. Notice by mail was sent to:

Willie Mae Clayton
152 Sheffield Avenue
New Haven, CT 06511

Jonita Terelle Vaughn
152 Sheffield Avenue
New Haven, CT 06511

Brandon Winfree Vaughn
152 Sheffield Avenue
New Haven, CT 06511

                                                          BY /s/ John P. Fahey
John P. Fahey ct07126
Korde & Associates, P.C.
5 Shaw's Cove, Suite 201
New London, CT 06320
Telephone: (860) 969-0400
Fax: (860) 758-8589
Email: jfahey@kordeassociates.com